HIXON *et al. v.* WEST.

Section 2403 of the code is not applicable to an alleged mistake of fact of the testatrix as to the conduct of one not a caveator nor an heir at law, and where such mistake is not a ground of *caveat.*

November 25, 1889.

Probate. Wills. Heirs. Pleadings. Charge of court. Before Judge LUMPKIN. Taliaferro superior court. February term, 1889.

Reported in the decision.

J. W. HIXON and M. P. REESE, for plaintiffs in error.

J. C. HART and H. M. HOLDEN, *contra.*

SIMMONS, Justice.

A paper alleged to be the last will of Fidelia Harrison was propounded for probate in common form by W. D. West, who was therein named as executor. Lunceford *et al.* filed their *caveat*, alleging that it was not a will of Fidelia Harrison, because (1) at the time it was made she was *non compos mentis;* (2) she was insane, and a jury had so declared before the signing of said will; (3) at the time of making it undue influence was exercised over her; and (4) it was procured by fraud and does not express her wishes. The ordinary admitted it to probate and record; and the caveators appealed to the superior court. The jury found in favor of the propounder, and the caveators moved for a new trial on the several grounds set out in the motion.

The only ground relied on here by counsel for the plaintiffs in error to reverse the judgment of the court below, was the refusal of the court to give in charge the request set out in the first amended ground of the motion, which was as follows : "A will executed under a mistake of fact as to the existence or conduct of the heirs at law of the testator, is inoperative so far as such heir at law is concerned, but the testator shall be deemed

to have died intestate as to him. If in the case at bar it is shown to you by the testimony that testatrix did not give Capt. Lunceford, one of the heirs at law, any property under her will because she thought he had been unkind to her, when in point of fact he had been kind to her, then said will, so far as Capt. Lunceford's interest as an heir at law is concerned, is inoperative, and Mrs. Harrison shall be deemed to have died intestate as to him."

There was no error in the refusal of the court to give this in charge, for three reasons: (1) there was no pleading to authorize it, the will not being caveated on this ground; (2) Captain Lunceford was not one of the caveators of the will, as is shown by the record, nor is he a party here; and (3) the evidence in the record does not show that Captain Lunceford was one of the heirs at law of the testatrix, and the principle announced in the request to charge is only applicable under our code, §2403, where a will is executed under a mistake of fact as to the existence or conduct of the *heirs at law* of the testator.

For these reasons, not to mention others, we think the court was right in refusing to give the charge as requested.                      *Judgment affirmed.*